# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRANDON R. BAKER,** : | CIVIL ACTION NO. 3:18-2330 |
| Petitioner, : | |
| : | (JUDGE MANNION) |
| v. : | |
| Warden **EARL REITZ,** *et al.,* : | |
| **Respondents** : | |

## MEMORANDUM

Petitioner, a pretrial detainee, housed in the Cumberland County Prison, Carlisle, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1). The required filing fee has been paid. Petitioner challenges ongoing state criminal proceedings in the Court of Common Pleas for Cumberland County. Id. The petition has been given preliminary consideration and, for the reasons set forth below, will be dismissed without prejudice. See Rules Governing Section 2254 Cases, Rule 4.[1]

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, habeas corpus petitions must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Although the instant petition is governed by 28 U.S.C. §2241, the Court may apply the 28 U.S.C. §2254 rules "to a habeas corpus petition not covered by Rule 1(a)" of the §2254 rules. See Rule 1(b) of the Rules
(continued...)

## I. Background

Petitioner is currently housed in the Cumberland County prison on the following nine charges: Murder of the Third Degree; Homicide by Vehicle while Under the Influence; (2) counts of DUI: General Impairment of Driving Safely; DUI: Highest Rate of Alcohol (BAC .16+); Recklessly Endangering Another Person; Reckless Driving; Driving at Unsafe Speed; and Failure to use Safety Belt- driver and front seat occupant. See Commonwealth v. Baker, CP–21–CR–0002076–2017, Criminal Docket Sheet. A pre-trial conference is scheduled for January 10, 2019. Id.

On December 5, 2018, the Common Pleas Court issued the following Order denying Baker's motion to exclude expert testimony which relies on novel scientific evidence and motion to renew motion to suppress and dismiss:

> Upon consideration of Defendant's Motions, and the Commonwealth's answer thereto, the Defendants Motions are **DENIED**. While the Court recognizes that the Commonwealth[']s most recent response was untimely, it also recognizes that the Defendant has filed no less than seven motions thus far, not including appeals to appellate courts, and is overwhelming the system by filing duplicate and excessive motions. The Court further notes that at Defendant[']s request, substitute standby counsel was appointed in the person of Katie Maxwell, Esquire.

---

[1](...continued)
Governing Section 2254 Cases.

> As attorney Maxwell is a licensed attorney, and due to the Defendant[']s continued filing of copious, frivolous motions attempting to re-litigate matters already decided, it is further **ORDERED** that Defendant may not file any other Motions without first obtaining Attorney Maxwell[']s approval thereto. In accordance with the above, the Clerk of Courts is **DIRECTED** not to accept any filings from Defendant that have not been approved by Attorney Maxwell.

Id. (Emphasis in original).

On December 6, 2018, Petitioner filed the instant petition in which he challenges the underlying charges, his representation of counsel and the Cumberland County justice system. (Doc. 1). For relief, Petitioner requests the following:

1. Issue an order staying Petitioner's currently pending criminal proceedings until such time as this Honorable Court makes its decision with respect to the merits of this petition.

2. Issue an order directing that the following charges in Petitioner's case be dismissed with prejudice:
    Murder in the Third Degree
    Homicide by Vehicle While DUI
    Reckless Driving
    Driving at an Unsafe Speed
    Recklessly Endangering Another Person
    Vehicle Restraint Systems

3. Issue an order directing that the Judicial Conduct Board of Commonwealth of Pennsylvania, first, remove Magisterial District Judge Elizabeth Beckley from the Board, then, institute formal charges in the Court of Judicial Discipline against Magisterial District

> Judge Beckley, and Common Pleas Judge Jessica Brebaker, for violations of Canon of Judicial conduct during the proceedings of Petitioner's case, those violations to be objectively determined by this Honorable Court.
>
> 4. Issue an order for any other relief which this Honorable Court may deem necessary, appropriate or just in Petitioner's case.

Id.

## II. **DISCUSSION**

Generally, federal courts must adjudicate all cases and controversies that are properly before them. New Orleans Pub. Serv., Inc. v. City of New Orleans, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982). In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." Yi Yang v. Tsui, 416 F.3d 199, 202 (3d Cir. 2005) (discussing Younger, 401 U.S. 37 (1971)). Younger abstention "is premised on the notion of comity, a principle

4

of deference and 'proper respect' for state governmental functions in our federal system." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. Id.

The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989).

Exceptions to the Younger doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or ... other unusual circumstance that would call for equitable relief." Younger, 401 U.S. at 46, 53–54. The exceptions are to be narrowly construed. Hall v. Pennsylvania, 2012 WL 5987142, *2 (M.D.Pa. 2012) (citing Loftus v. Township of Lawrence Park, 764 F.Supp. 354, 357 (W.D.Pa. 1991)).

In the present matter, it is clear that all three Younger criteria are met.

First, there is an ongoing state criminal prosecution of Petitioner regarding which his request for relief would interfere. Second, the state proceedings implicate the important state interest of enforcing its criminal laws. To the extent that Petitioner is seeking to dismiss the charges for insufficiency of the evidence, these proceedings clearly implicate important state interests. Third, Petitioner has an opportunity to raise his claims in his state criminal proceedings.

Further, Petitioner has failed to show that he falls within any of the narrow exceptions to the Younger doctrine.

This Court may assume that the state procedures will afford an adequate remedy. See Kelm v. Hyatt, 44 F.3d 415, 420 (6th Cir. 1995) (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 17 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff."). Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans, 959 F.2d at 1234.

It is clear that Petitioner's claims concerning his ongoing criminal proceedings satisfy the requirements of abstention and the instant habeas action does not raise the type of extraordinary circumstances contemplated

under Younger. Accordingly, it is appropriate to abstain from entertaining the petition out of deference to the state judicial process. See, e.g., Everette v. Warden of Dauphin County, 2010 WL 1485722 (M.D.Pa. 2010) (holding that the Younger elements were met regarding the petitioner's contention that his speedy trial rights were being violated by the state criminal court).

## III. CONCLUSION

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED** without prejudice, and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: December 13, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-2330-01.wpd